

| KRISTIN K. MAYES<br>ATTORNEY GENERAL | OFFICE OF THE ARIZONA ATTORNEY GENERAL<br>SOLICITOR GENERAL'S OFFICE | ALEXANDER W. SAMUELS<br>PRINCIPAL DEPUTY SOLICITOR GENERAL<br>(602)-542-5252<br>ALEXANDER.SAMUELS@AZAG.GOV |
|---|---|---|

February 14, 2023

VIA CM/ECF

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:    *Mayes*[1] *v. Biden*, No. 22-15518
            Argument scheduled for March 7, 2023

Dear Ms. Dwyer:

      Following a change in administration, the Arizona Attorney General's Office ("the Office") has undertaken a reexamination of the issues in this case. The purpose of this letter is to notify the Court that the Office has modified its position in some respects. Please distribute a copy of this letter to the members of the Court considering this case.

      After careful review of the issues, the Office intends to defend a narrowed version of the judgment below. In doing so, the Office intends to make some, but not all, of the arguments previously made in the answering brief. More specifically, the Office advises the Court of the following modifications to its position:

      1.    The district court below held that "[t]he Contractor Mandate exceeds the scope of the President's authority under the Procurement Act" and then issued a permanent injunction. ER 7–8, 63. On appeal the federal government argues that, at a minimum, "the district court's injunction should be narrowed to apply only to Arizona public entities' own contracts with the federal government." Opening Br. 15, 47–49.

      On this front, the Office now agrees with the federal government. When issuing the injunction, the district court did not have the benefit of recent decisions by the Sixth

---

[1] Arizona Attorney General Kristin K. Mayes is automatically substituted for her predecessor Mark Brnovich. Fed. R. App. P. 43(c).

and Eleventh Circuits, which affirmed injunctions against the Contractor Mandate but narrowed the scope of those injunctions. *Kentucky v. Biden*, 57 F.4th 545, 556–57 (6th Cir. 2023); *Georgia v. Biden*, 46 F.4th 1283, 1303–07 (11th Cir. 2022). Nor did the district court have the benefit of a recent Fifth Circuit decision, which affirmed an injunction against the Contractor Mandate that was already narrow in scope. *See Louisiana v. Biden*, 575 F. Supp. 3d 680, 695 (W.D. La. 2021), *aff'd*, 55 F.4th 1017, 1035 (5th Cir. 2022). After reviewing these decisions, the Office has concluded that the injunction should be limited to Arizona public entities' own contracts with the federal government.

2. The Office otherwise intends to continue defending the district court's injunction. However, at oral argument, the Office does not intend to continue advancing all arguments made in its answering brief. In particular:

a. Although the Office will defend the district court's core holdings – that the Contractor Mandate exceeded Defendants' authority under the Procurement Act and that the State satisfied the requirements for injunctive relief – the Office will not continue to argue that Defendants lack any authority whatsoever under the Procurement Act to take measures aimed at the performance of contracts. *See* Answering Br. 51-54.

b. The Office no longer intends to urge application of the major questions doctrine. *See* Answering Br. 24–26, 30–50. This Court need not confront any question relating to the major questions doctrine to affirm a narrowed version of the district court's injunction, as the Sixth Circuit recently demonstrated. *See Kentucky*, 57 F.4th at 555 n.2 (concluding "we need not decide" whether the doctrine applies); *accord PDK Labs, Inc. v. U.S. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring) ("[I]f it is not necessary to decide more, it is necessary not to decide more.").

c. The Office no longer intends to urge application of the constitutional avoidance and federalism canons, for similar reasons. *See* Answering Br. 61–63.

d. The Office no longer intends to argue that the Contractor Mandate violates the Procurement Policy Act, an argument the district court rejected. *Compare* Answering Br. 63–66 *with* ER 48–53.

e. The Office no longer intends to seek a remand for claims under the Administrative Procedure Act, which the district court declined to address because the claims "ha[d] not been adequately briefed." *Compare* Answering Br. 66–67 *with* ER 20.

3.  The Office does not believe supplemental briefing is required and stands ready to proceed with oral argument on March 7, 2023. Counsel for Defendants have viewed this letter and stated that they do not oppose the filing of the letter, do not believe supplemental briefing is required, and are prepared to proceed with oral argument on March 7, 2023.

          Sincerely,

          s/ *Alexander W. Samuels*
          Alexander W. Samuels
          Principal Deputy Solicitor General
          Arizona Attorney General's Office

cc (via CM/ECF): Counsel of Record