# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTIN K. MAYES,[1] et al., <br><br>　　　　　Plaintiffs-Appellees, <br>　v. <br><br>JOSEPH BIDEN, et al., <br><br>　　　　　Defendants-Appellants. | No. 22-15518 |

## THE FEDERAL GOVERNMENT'S RESPONSE TO THE PROPOSED INTERVENORS' EMERGENCY MOTION TO INTERVENE

The federal government takes no position on the emergency motion to intervene filed by the Fifty-Sixth Arizona Legislature, Speaker of the Arizona House of Representatives Benjamin Toma, Arizona Senate President Warren Petersen, and the Arizona Chamber of Commerce & Industry.

1. This appeal concerns a challenge to Executive Order 14,042, which instructs federal agencies to include in certain contracts a clause requiring contractor employees to follow COVID-19 safety protocols, including a vaccination requirement. *See* 86 Fed. Reg. 50,985 (Sept. 9, 2021) (Contractor EO). On February 10, 2022, the district court permanently enjoined enforcement of the Contractor EO on the

---

　　　[1] Arizona Attorney General Kristin K. Mayes is automatically substituted for her predecessor Mark Brnovich. Fed. R. App. P. 43(c).

1

ground that it "exceeds the scope of the President's authority under the Federal Property and Administrative Services Act," 40 U.S.C. § 101 *et seq.* ER-7. The injunction bars enforcement of the Contractor EO as to "any contract to which a contracting party is domiciled in or headquartered in the State of Arizona, including the State of Arizona or any of its agencies or political subdivisions," as well as to "any contract to be performed principally in the State of Arizona." ER-7-8.

    2. On February 14, 2023, the Arizona Attorney General's Office submitted a letter to this Court stating that while the Office "intends to continue defending the district court's injunction," it "does not intend to continue advancing all arguments made in its answering brief." Letter at 2, *Mayes v. Biden*, No. 22-15518 (Feb. 14, 2023), Dkt. No. 52. In particular, the Office now agrees with the federal government that, at a minimum, "the district court court's injunction should be narrowed to apply only to Arizona public entities' own contracts with the federal government." Letter at 1 (quoting Opening Br. 15).

    3. On February 20, 2023, the Arizona Legislature, Speaker Toma, President Petersen, and the Arizona Chamber of Commerce filed the at-issue emergency motion seeking to intervene on appeal. *See* Emergency Motion, *Mayes v. Biden*, No. 22-15518 (Feb. 14, 2023), Dkt. No. 53. The Arizona Legislature, Speaker Toma, and President Petersen stated that they seek to intervene to protect the State's "proprietary rights and sovereign prerogatives." Emergency Motion at 8. The Arizona Chamber of Commerce stated that it seeks to intervene to protect the interests of "Chamber

2

members who contract with the federal government." Emergency Motion at 12.

4. This Court has explained that "[i]ntervention at the appellate stage is, of course, unusual and should ordinarily be allowed only for imperative reasons." *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997) (quotation marks omitted). Generally, when considering a motion to intervene on appeal, courts must consider the "policies underlying intervention" and "the legal interest that a party seeks to protect through intervention on appeal." *Cameron v. EMW Women's Surgical Ctr.*, 142 S. Ct. 1002, 1010 (2022) (quotation marks omitted); *see also Bates*, 127 F.3d at 873 (conducting similar analysis). Proposed intervenors bear the burden of demonstrating intervention on appeal is warranted *See West Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022).

5. The federal government takes no position on whether the Arizona Legislature, Speaker Toma, and President Petersen have demonstrated that their intervention on appeal is warranted or on what the authority for intervention may be under Arizona law "in litigation of this sort," *Berger v. North Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2202 (2022). Similarly, although it is far from clear that the Arizona Chamber of Commerce may intervene based on vague and unsubstantiated allegations about its members, many of whom would not be subject to the Contractor EO, *cf. Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 821 (9th Cir. 2001) (permitting trade associations to intervene that "demonstrated that they have legally protectable interests based on declarations submitted with the motion to intervene"

3

stating that "several members of each association" have "developed land in reliance" on the permit being challenged in the underlying litigation), the federal government takes no position on whether the Chamber has demonstrated "imperative reasons" in favor of intervention on appeal, *Bates*, 127 F.3d at 873 (quotation marks omitted).

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                        *Principal Deputy Assistant Attorney*
                                            *General*

                                      MARK B. STERN
                                      ANNA O. MOHAN
                                       */s/ David L. Peters*
                                      DAVID L. PETERS
                                          *Attorneys, Appellate Staff*
                                          *Civil Division, Room 7209*
                                          *U.S. Department of Justice*
                                          *950 Pennsylvania Avenue, NW*
                                          *Washington, DC 20530*
                                          *(202) 514-1673*

FEBRUARY 2023

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 674 words.

                                                */s/ David L. Peters*
                                                David L. Peters

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ David L. Peters*
David L. Peters